■ LAURA YAGER, Appellant, v WILLIAM ADLER, Individually and as General Partner in Bryant Associates, et al., Respondents. [686 NYS2d 33] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about January 7,

1998, which, insofar as appealed from, granted defendants-respondents' motions for summary judgment dismissing the complaint as against them and denied plaintiff's cross motion to amend the complaint so as to include a cause of action against defendant Bagel Café for public nuisance, unanimously modified, on the law, to deny Bagel Café's motion and to grant plaintiff's cross motion, and otherwise affirmed, without costs.

Plaintiff was knocked sideways into a fence surrounding a portion of the unlicensed outdoor café owned and controlled by defendant Bagel Café. The incident was precipitated by a pedestrian who was coming from the opposite direction and who collided with plaintiff on a crowded sidewalk inadvertently pushing her into the fence. The pedestrian is not a party to this action. We disagree with the IAS Court that the fence might have tended to soften plaintiff's fall, and that summary judgment should be granted in favor of Bagel Café because to assert otherwise would be speculation. If, as appears, the outdoor café was being operated without the requisite license (Administrative Code of City of NY § 20-224 [a]), it was, by definition, a public nuisance (Administrative Code § 7-703 [f]), and the fence surrounding it was illegal. Upon this record, it is no less speculative for Bagel Café to assert that the fence was not a cause of plaintiff's injury as it is for plaintiff to assert that it was (cf., Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316-317). Bagel Café is not prejudiced by the amendment of the complaint to assert a cause of action for nuisance, since the complaint alleged that the café was a nuisance, and the information concerning its alleged non-licensed status would have been exclusively within Bagel Café's knowledge. We have considered plaintiff's arguments that summary judgment should not have been granted in favor of the other defendants, and find them to be without merit. Concur—Nardelli, J. P., Wallach, Lerner and Tom, JJ.